IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No:  BK 12-80115 |
| | ) | |
| SANITARY AND IMPROVEMENT | ) | CHAPTER 9 |
| DISTRICT NO. 268 OF SARPY COUNTY, | ) | PLAN OF ADJUSTMENT |
| NEBRASKA | ) | |
| | ) | |

_____

This Plan of Adjustment ("Plan") is proposed and made by Sanitary and Improvement District No. 268 of Sarpy County, Nebraska ("SID #268" or the "District").

1. <u>Warrant Holders.</u> Class "A" Warrant Holders. This class of creditors consists of all parties who presently own construction fund "warrants" and any interest warrants issued in payment for accrued interest thereon which are designated as **Class "A" Warrants**. (b) **Class "B" Warrant Holders.**  This class of creditors consists of all parties who presently own general fund warrants. General fund warrants are used to pay the day to day and administrative requirements of the District. The Class "B" Warrant Holders are not impaired under this Plan of Adjustment. There are no other creditors of SID #268 except those persons or entities performing services for the District. Provided that said creditors of SID #268 release their claims against SID #268 as set forth herein, SID #268 will deliver funds of the District in the amount and in the manner as set forth in paragraphs 4 and 5 below in full settlement of such creditor's claims.  The claims of members of these classes of creditors are impaired under this Plan.

The Class "A" Warrant Holders consist solely of First National Capital Markets ("FNCM") of Omaha, Nebraska.  There are no other holders of Class "A" Warrants.  FNCM has been actively engaged in the review of this Plan of Adjustment along with working with all stakeholders towards resolution.  FNCM is aware and fully informed of its right to receive a Disclosure Statement and does waive the right to receive such Disclosure Statement as the production of such would be unnecessary, unduly burdensome and costly to the Debtor and would further reduce funds available to FNCM as Class "A" Warrant Holder and sole impaired creditor of the Debtor.

2.  <u>Execution of Plan of Adjustment</u>.  Upon confirmation of this Plan of Adjustment, SID #268 will execute and deliver to the disbursing agent appointed by the Court the funds described in paragraphs 4 and 5 from time to time in the manner described therein.

This Plan requires the holders of the construction fund warrants to deliver to SID #268 and/or the disbursing agent appointed by the Court, within a reasonable period of time after confirmation of the Plan, the described warrants (including interest warrants) for cancellation and exchange for Certificate of Indebtedness as provided in paragraph 5 below.  The Bankruptcy Court will be requested as part of the order confirming this Plan to require delivery of warrants as set forth herein.  No payment shall be made by the disbursing agent to any creditor unless said disbursing agent has received the applicable warrant(s) and/or an affidavit of lost or stolen security and indemnification thereon and authenticated a Certificate of Indebtedness. Furthermore, in order to assure that said creditors cannot continue to hold their warrants with a view towards having them redeemed by the Treasurer of Sarpy County, Nebraska, all such warrants not delivered to the disbursing agent within one month from the date of confirmation of this Plan shall be deemed cancelled and of no further force and effect and the Court shall be requested in its order confirming the Plan to restrain the Sarpy County Treasurer from paying or redeeming such warrants.

3.  <u>Administrative Costs.</u>  The only administrative costs thus far have been for services and out of pocket expenses of the District's legal counsel, Fullenkamp Doyle & Jobeun.  Said counsel has not received any payment on account of such services or out-of-pocket expenses. FNCM acknowledges that the District's legal counsel has not received any compensation since the commencement of this case January 23, 2012 and agrees that a fixed fee for all such legal services performed by the District's legal counsel is in the best interests of the creditor's.  The agreed upon fee payable to the District's legal counsel is $50,000.00 plus expenses. All such legal fees and expenses together with such additional administrative costs and expenses as are incurred herein, including fees of Baird Holm LLP, as Bond Counsel, shall be paid from the District's construction/bond fund and shall be paid prior to any disbursements pursuant to paragraphs 4 or 5 below. Administrative costs shall be paid directly by the Sarpy County Treasurer from the bond fund cash of the District upon presentment by the District's counsel or other administrative entity entitled to payment and verified by the District's municipal financial advisor.

4. <u>Initial Cash Disbursement.</u> SID #268 shall, within 90 days following the date of confirmation of this Plan by the Bankruptcy Court or delivery of warrants to the disbursing agent as set forth in paragraph 2, whichever shall occur later, deliver to the disbursing agent appointed by the Court all the cash and investments with accrued interest thereon on deposit in SID #268's construction/bond fund less a) the paragraph 3 administrative costs and any disbursing agent fees; b) a transfer to the general (operating) fund of SID #268 the amount necessary to bring the total cash balance in the general fund to $100,000.00, the amount is estimated to be approximately $60,000.00 and shall be verified by the District's municipal financial advisor and reviewed by FNCM.

The remaining funds shall be paid out to the holders of the Class "A" certificates of indebtedness as set forth in Paragraph 5 below based upon their pro-rata share and as may be adjusted in accordance with the delivery of warrants to the disbursing agent and any cancellation of warrants thereon. The initial distribution to the holders of the Certificates of Indebtedness will not occur until the earlier of either the delivery of all of the warrants to the disbursing agent or the end of the warrant return period as set forth in Paragraph 2 and 5 of this Plan.

5. <u>Warrants and Payments</u>.  All warrants delivered to the disbursing agent shall be cancelled upon the authentication of a Certificate of Indebtedness for such warrant. Each warrant holder will be given a Certificate of Indebtedness from the disbursing agent evidencing their **Class "A"** pro-rata share of the paragraph 5 payments to be made by the District in accordance with this Plan. FNCM may have a single Certificate issued to it or in such other denominations as it determines in its sole discretion.  The first payment under the Certificate of Indebtedness will be the initial disbursement as set forth in paragraph 4 above. Interest shall cease being accrued on the warrants on the date of the filing of the Chapter 9 Petition in Bankruptcy by the Debtor. Each Certificate of Indebtedness shall accrue interest beginning the first day of the first month after the confirmation of the Plan by the United States Bankruptcy Court for the District of Nebraska at the rate of one and one-half (1.5%) percent per annum simple interest on the outstanding principal balance. **All payments made pursuant to this Plan shall first be applied to payment of principal.**   SID #268 and/or the disbursing agent shall thereafter, subject to the prior limitations and cancellation provision set forth herein, within 45 days following the balancing of SID #268's books by the Sarpy County Treasurer as of December 31 of each year,

or in addition thereto additional distributions as SID #268's Board of Trustees may determine deliver to each **Class "A" Warrant Holder** his/her/its pro-rata distribution of any funds on deposit with the Sarpy County Treasurer in SID #268's construction/bond fund except any bond payment and/or sinking fund requirements of paragraph 5(c) below from:

(a)    The collection of any and all special assessments levied by SID #268 against properties located within its corporate boundaries together with any miscellaneous revenues, which by law, custom or usage are deposited in a sanitary, and improvement district construction/bond fund.

(b)  Any ad valorem real estate taxes collected from a construction/bond fund levy of:

1. $0.90/ $100 of actual valuation less:

a) $20,000.00 for the year 2016/2017 fiscal year increased annually thereafter at the rate of 2.5% per annum, which monies shall be deposited in the District's general fund;

b) any additional amount above the subparagraph a) amount certified to by the District's engineer to be necessary for extraordinary repairs and consented to in writing by FNCM;

(c)    The net proceeds from the issuance by SID #268 of bonds as directed by Kuehl Capital Corporation ("KCC") the District's Municipal Financial Advisor or its successors and assigns from time to time, which bond issues, whether one or more shall be mandatorily issued and sold by SID #268 at such times and in an amount which can be issued and sold on a level payment basis over a period of twenty (20) years, reserving a bond sinking fund equal to one and ½ year's principal and interest requirement, and amortized using the proceeds of an ad valorem tax levy in the amount as set forth in subparagraph (b) above on the then current SID # 268's tax base (exclusive of any tax base used to support any paragraph 4 c) and/or prior 5(c) bond issue) to pay the principal and interest on such bonds on a year to year basis. **In accordance with Nebraska law bonds issued pursuant to this Plan shall have priority over the repayment of**

**Certificates of Indebtedness and any interest accrued thereon.** Such bonds shall be issued prior to December 31, 2023 (herein referred to as the "Termination Date") as directed by KCC and the disbursing agent.

(d)    Notwithstanding anything to the contrary contained herein, if on December 31, 2023 the Debtor has not been repaid at least fifty percent (50%) of the principal amount of the Certificate's of Indebtedness

AT THE EARLIER OF THE DATE THE NET PROCEEDS FROM PARAGRAPHS 5(A) THROUGH (C) SHALL BE SUFFICIENT TO PAY ALL THE CERTIFICATES OF INDEBTEDNESS TOGETHER WITH ACCRUED INTEREST OR  THE TERMINATION DATE.  ALL CERTIFICATES OF INDEBTEDNESS SHALL BE CANCELLED AND NO FURTHER PAYMENTS ON ACCOUNT THEREOF WILL BE MADE.

During any year-end, except the year of the Termination Date, in which the amounts to be disbursed pursuant to this Plan do not exceed $100,000 then such funds shall be invested at the discretion of KCC and disbursed at the next payment date at which the amounts on hand exceed $100,000.

The disbursing agent shall provide each warrant holder an accounting for each disbursement made.  The disbursing agent shall be entitled to fair and reasonable compensation for acting as the disbursing agent which amount, when approved by the Board of Trustees of SID #268, may be paid for from the construction/bond fund of SID #268. SID #268 proposes to use Banker's Trust Company as disbursing agent.

Bonds, Certificate's of Indebtedness or any other form of security which will be offered and sold by means of and in accordance with offering circulars under the Plan of Adjustment pursuant to and for the purposes of 11 U.S.C. Section 1125(e).  SID #268; Kuehl Capital Corporation; Baird Holm LLP or such future bond counsel as the case may be; Fullenkamp Doyle & Jobeun, counsel for SID #268; Lutz & Company, P.C., its auditor; and SID #268's Board of Trustees have all acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to protection of 11 U.S.C. Section 1125(e).

6. <u>Confirmation</u>.  It is anticipated that this Plan shall be confirmed by the United States Bankruptcy Court for the District of Nebraska and therefore be binding on you in the event that it

is accepted by more than 50% of the number of creditors holding more than 66.67% of the outstanding voting dollar debt.

7. <u>Special Provisions</u>. SID #268 has previously entered into an agreement with First National Capital Markets, the sole creditor of SID #268, the owner of lots located within SID #268, and the holder of numerous tax sale certificates The holder of tax sale certificates and SID #268 are in disagreement over whether the special assessments levied by SID #268 would survive a judicial foreclosure of the tax sale certificate. SID #268, together with FNCM agrees that compromising the special assessments is in the best interest of both SID #268 and its creditor.  It is in the best interest of all parties that homes be built and assessable valuation be increased in SID #268.

SID #268 and FNCM jointly agree that the compromise of special assessments is in the best interest of both SID #268 and FNCM as sole creditor.  SID #268 may compromise or cancel special assessments at any time provided FNCM has consented in writing to the compromise or cancellation.


Dated:  __2/29/2016_____.

SANITARY   AND   IMPROVEMENT
DISTRICT NO. 268 OF SARPY COUNTY,
NEBRASKA,


By:__/s/Brian C. Doyle___ _____
      Brian C. Doyle (#23001)
      Fullenkamp, Doyle & Jobeun
      11440 West Center Road
      Omaha, Nebraska 68144
      (402) 334-0700
      Fax: (402)-334-0815
      brian@fdjlaw.com
      Attorney for said Debtor